**SUNKIST GROWERS, INC., et al.,**
Appellants,

v.

**WINCKLER & SMITH CITRUS PRODUCTS et al., Appellees.**

No. 15242.

United States Court of Appeals
Ninth Circuit.

Aug. 27, 1962.

See also 284 F.2d 1, rehearing denied 289 F.2d 933.

276

Ross C. Fisher, Herman F. Selvin, Los Angeles, Cal., Frank F. Fowle and Melville C. Williams, Chicago, Ill., for appellants.

William C. Dixon, Los Angeles, Cal., and Holmes Baldridge, Chicago, Ill., for appellees.

Harry M. Irwin, Los Angeles, Cal., for appellee, Ronald Walker, trustee.

Before STEPHENS, BARNES and MERRILL, Circuit Judges.

PER CURIAM.

On March 30, 1956, after judgment for plaintiffs below was entered, the trial judge fixed $2,000,000 as the amount of supersedeas bond on appeal. "It is further ordered that said bond may be by approved corporate sureties, or by deposit of Government bonds as provided in 6 U.S.Code § 15." (Tr. p. 389.)

Defendant and appellant Sunkist has shown the cost of a $2,000,000 supersedeas bond would have been $40,000. We assume this refers to the annual premium. Appellants borrowed money, purchased $2,000,000 in Government bonds, and deposited them as security. The bonds were originally purchased at a $30,000 discount from face value. Appellants paid the prime interest rate then obtaining in the Los Angeles area, on the money borrowed, renewing said notes representing the amount borrowed each ninety days. This rate began at 3¾% went to 4%, to 4½%, to 4%, to 3½%, to 4%, to 4½%, to 5%, and to 4½%; between April 20th, 1956 and July 27th, 1962. The income received from the bonds, $391,811.57, was set off against the expense, $542,587.75, leaving a net expense of $150,776.18.

Six annual yearly premiums, had they been paid, would have cost $240,000. The time here involved is six years and three months, roughly. Appellees have not questioned any of the above figures in their motion.

"The allowance or disallowance of items of cost is determined by statute, rule, order, usage, and practice of the instant court." Kemart Corp. v. Printing Arts Research Lab., 9 Cir. 1956, 232 F.2d 897, 899.

Local Rule 15(b) of the Southern District of California provides:

"The party entitled to recover costs shall ordinarily be allowed premiums paid on undertakings, bonds or security stipulations, where the same have been furnished by reason of express requirement of the law, or on order of the court or a judge thereof, or where the same is necessarily required to enable the party to secure some right accorded him in the action or proceeding."

This court has in the past allowed more than the bare premium, i. e., has allowed the "expenses incurred in arranging with bankers * * * to furnish the indemnity which the bonding company exacted. * * * [P]ayment of the premium is not the only burden which necessity imposes. * * * In this case the expense of providing indemnity was as necessary as payment of the premium." The Europe (1911) 9 Cir., 190 F. 475, 481.

"There would then seem to be no question as to the trial court's power to assess as costs, money paid out for a bond over and beyond the bonding surety rate, but the allowance or re-

jection is subject to the court's sound discretion * * *." Kemart Corp. v. Printing Arts Research Lab, supra, 232 F.2d 897, at 900.

Appellees do not dispute the facts here involved, nor the general rule that the trial court has discretion to tax costs, but (a) refer to a previous order of this court which "required each party to bear its own costs, except that the costs of the reporter's transcript and printing the transcript on appeal are to be equally borne by the parties," and (b) that the $150,776.18 item obviously is not within Rule 15(a).

We think it is, but that in any event we are bound by the mandate of the Supreme Court to this court which ordered reversal of the judgment "with costs."

The motion to tax costs in the sum of $160,979.62 is granted.