**WINCKLER & SMITH CITRUS PRODUCTS CO., a corporation, and James A. A. Smith, Trustee, Appellants,**

v.

**SUNKIST GROWERS, INC., a corporation, and The Exchange Orange Products Company, a corporation, Appellees.**

**No. 19739.**

United States Court of Appeals Ninth Circuit.

June 4, 1965.

Rehearing Denied July 8, 1965.

William C. Dixon, Los Angeles, Cal., Bernard Reich, Beverly Hills, Cal., for appellants.

Ross C. Fisher, Herman F. Selvin, Los Angeles, Cal., for appellees.

Before BARNES, MERRILL and BROWNING, Circuit Judges.

MERRILL, Circuit Judge.

Appeal is taken from judgment dismissing this private antitrust action for failure of appellant to prosecute, pursuant to remands for new trial from this court, 316 F.2d 275, and from the Supreme Court, 370 U.S. 19, 82 S.Ct. 1130, 8 L.Ed.2d 305.

It is conceded that prosecution could not be had due to an order of the District Court staying further proceedings until appellant had made or secured judgment for costs incurred in the earlier proceedings before this court and the Supreme Court. Appellant is bankrupt and its only asset is this cause of action. It was unsuccessful in its efforts to raise the funds necessary to meet the District Court's order.

■ Whether judgment under these circumstances was proper is thus wholly dependent upon the propriety of the District Court's stay order. It is conceded that entry of such an order is an exercise of judicial discretion. The stay was sought upon the ground that retrial would be oppressive and vexatious to the defendants. This is a proper basis for such an exercise of judicial discretion. Weidenfeld v. Pacific Improvement Co., 101 F.2d 699 (2nd Cir. 1939); Gainey v. Brotherhood of Railway & S. S. Clerks, 34 F.R.D. 8 (E.D.Pa.1963). In findings of fact and conclusions of law filed in connection with its judgment of dismissal, the District Court has found:

> "Upon any retrial plaintiff and intervenor would have to establish not only the amount of damage suffered by them but also that such damages were proximately caused by defendants' action, a burden which this court finds from the Court of Appeals decision and plaintiff and intervenor's previous admissions that they could not successfully overcome."

Upon this appeal the sole question presented is whether the finding of the District Court, in light of the record, was clearly erroneous. If not—if the facts as we must accept them are the facts as found—then appellant, lacking proof of causally connected injury, was without bona fide purpose in pressing suit. The suit, then, was vexatious, the stay was not an abuse of discretion and judgment was free from error.

Briefly, it is appellant's position in this action that due to appellee's wrongful refusal to deal with it, it has been forced out of business with consequent loss of plant and assets; that appellees' refusal was pursuant to conspiracy with others in violation of the Sherman Act.

Following the original trial in this action a jury verdict was secured by appellant in the sum of $500,000 and judgment in treble this amount was entered. Upon appeal to this court the judgment was affirmed upon the issue of liability, but reversed and remanded upon the issue of damages. Sunkist Growers, Inc. v. Winckler & Smith Citrus Products Co., 284 F.2d 1 (9th Cir. 1960). Petitions for rehearing by both sides were denied.

Certiorari was denied to appellant by the Supreme Court, 370 U.S. 917, 82 S.Ct. 1552, 8 L.Ed.2d 497 (1962). Appellee was successful in securing Supreme Court review upon the issue of liability, 368 U.S. 813, 82 S.Ct. 56, 7 L.Ed.2d 22 (1961). This court was reversed in part, the Supreme Court holding that as an ag-

ricultural cooperative, appellee could not, under the Capper-Volstead Act, 42 Stat. 388 (1922), 7 U.S.C. 291 (1958), be held to have conspired with two wholly owned subsidiary cooperatives. Sunkist Growers, Inc. v. Winckler & Smith Citrus Products Co., 370 U.S. 19, 82 S.Ct. 1130, 8 L.Ed.2d 305 (1962).

The area of liability was thus substantially reduced. It is with the issue of damages, however, that we are primarily concerned in reviewing the District Court's appraisal of appellant's probabilities of recovery.

■ That this issue relates to one's right to maintain suit appears from the language of 15 U.S.C. § 15, the statute authorizing such suits. That statute provides:

"Any person *who shall be injured* in his business or property *by reason of* anything forbidden in the antitrust laws may sue therefore * *." (Emphasis supplied.)[1]

■ This court in reversing the District Court ruled that error had been committed in several respects regarding evidence of damages. We held that the evidence of damage was speculative; that it "rested upon surmise, conjecture, and guess work, and that the amount found as damages was not logically or legally inferable from the facts in evidence before the jury." Sunkist Growers, Inc. v. Winckler & Smith Citrus Products Co., 284 F.2d 1, 34 (9th Cir. 1960). In particular we questioned the proof that the asserted damage had been established as a direct and proximate result of appellee's violation of the Sherman Act. In this connection we held that error had been committed by the District Court in excluding evidence offered by appellee to the effect that the appellant's business failure had been due to other circumstances, notably to undercapitalization, inefficient operation and the failure of its product to meet competitive standards. Upon new trial appellant was thus faced with a serious problem of proof. Not only must it strengthen its proof of causation; it must also be prepared to disprove or discredit new evidence to the contrary.

Costs assessed against appellant in the Supreme Court were fixed at $6,535.64. Before this court they were assessed at $160,979.62 ($150,000 of this covered appellee's costs of providing a supersedeas bond upon which appellant had insisted). Sunkist Growers, Inc. v. Winckler & Smith Citrus Industries, 316 F.2d 275 (9th Cir. 1962).

Appellant's own appraisal of its position on new trial was frankly set forth in its petition to this court for rehearing. There, appellant stated:

"The Court, in effect, has ruled as a matter of law that appellees (plaintiffs), on the evidence in the record, failed to establish any damage whatever. Appellees (plaintiffs) introduced at the trial all of the evidence available to them on the issue of causation. Since the Court apparently is of the opinion that such evidence is wholly insufficient to establish the fact or the amount of any item of damage, it is difficult to un-

---

1. "Since the statute [15 U.S.C. § 15 (1958)] which gives the private litigant the right to sue imposes the basic requirement that there be injury to the plaintiff's business or property, it has been held repeatedly that the gist of the action is legal injury—not mere violation of the statute. The damage for which recovery may be had in a civil action must be proximately related to the conspiracy; recovery for a statutory violation is not based on the conspiracy itself but on injury to the plaintiff produced by specific overt acts pursuant to the conspiracy. The 'mere existence of a violation is not sufficient ipso facto to support the action' and a 'private person has no right to complain of a violation of § 1 or § 2 as such, nor does such a violation per se gives a private cause of action.'" Timberlake, Legal Injury Requirements and Proof of Damages in Treble Damage Actions Under the Antitrust Laws, 30 Geo.Wash.L.Rev. 231, 232 (1961) (footnotes omitted). See also: E. V. Prentice Mach. Co. v. Associated Plywood Mills, Inc., 252 F.2d 473 (9th Cir. 1959), cert. denied, 356 U.S. 951, 78 S.Ct. 917, 2 L.Ed.2d 844 (1958).

derstand why the Court didn't enter judgment for appellants, rather than remand the case for further proceedings on damages. The remand will involve another extended trial by a bankrupt company, and the probability of another appeal, on the question of what is proper and adequate to establish any damage as well as the amount of any item of damage."

In moving the District Court for a stay of proceedings until costs were paid or payment secured (September 5, 1962), appellee by affidavit directed the Court's attention to appellant's apparent concession as we have quoted it. In appellant's opposition papers no reference was made to the matter.

In argument upon the motion before the District Court, in three hearings (September 10, November 5, December 3, 1952), this apparent concession was dealt with at length by appellee. Appellant in argument wholly failed to repudiate it or to disclose how it proposed to overcome the difficulties of proof which it had conceded it now faced. The matter simply was not discussed.

Upon motion for dismissal of the action for failure to prosecute, further hearing was had (April 20, 1964). On this occasion the District Court itself raised the matter of appellant's concession and requested that it be read to refresh the Court's recollection. Appellee, notwithstanding the court's evident interest, still took no steps toward retraction. Thus it is not only what appellant said to this court on petition for rehearing which is relevant to the essential factual issues; it is also the meaning and significance which appellee has consistently attributed to that statement throughout the proceedings. Appellant, by its failure to deny or repudiate has made available an inference that appellee was correct.

The District Court, following its hearings, announced that it proposed to dismiss the action and acceded to appellant's request for findings of fact. Dates were fixed within which proposed findings were to be lodged by appellee and within which objections thereto might be filed by the appellant. The findings were lodged April 29, 1964, and were signed and filed May 7, 1964. The record does not disclose that any objection was filed.

Finding 10 reads in its entirety as follows:

"Plaintiffs have asserted and admitted in the brief filed in the Circuit Court of Appeals that they introduced at the prior trial all the evidence available to them on the issue of causation [plaintiffs' (appellees') petition for rehearing en banc before Court of Appeals in Case No. 15242, p. 25]. Upon any retrial plaintiff and intervener would have to establish not only the amount of damage suffered by them but also that such damages were proximately caused by defendants' action, a burden which this court finds from the Court of Appeals decision and plaintiff and intervener's previous admissions that they could not successfully overcome. To require defendants to retry the action would be inequitable, and would be oppressive and vexatious as to defendants, and would impose an unwarranted burden upon defendants."

We conclude that the finding was not clearly erroneous, that the stay was not an abuse of discretion; that the entry of judgment was not error.

Judgment affirmed.