**SOLO CUP COMPANY, Plaintiff-Appellee,**

v.

**PAPER MACHINERY CORPORATION, Ralph O. Martin and John R. Baumgartner, Defendants-Appellants.**

**No. 15222.**

United States Court of Appeals
Seventh Circuit.

April 4, 1966.

Rehearing Denied May 13, 1966.

James E. Nilles, Suel O. Arnold, Milwaukee, Wis., for appellants.

Robert C. Williams, Harold I. Stickler, Chicago, Ill., for appellee.

Before DUFFY, KNOCH and KILEY, Circuit Judges.

DUFFY, Circuit Judge.

Plaintiff is a Delaware corporation with its principal place of business in Chicago, Illinois. The defendants named in the original complaint were Paper Machinery Corporation (Paper Machinery), a Wisconsin corporation with its principal place of business in Milwaukee, and Ralph O. Martin, a Wisconsin citizen who was then president of Paper Machinery.

Count 1 of the complaint alleged that the defendants had infringed Merta Patent No. 2,321,407 issued on June 8, 1943, by making and selling paper cup-forming machines described and claimed in the patent.

Count 2 of the complaint charged both defendants with having competed unfairly with Solo by employing drawings of Solo's secret machine and by building and selling machines incorporating its designs and features.

During discovery proceedings in December 1959, it was learned that John R. Baumgartner had been president of Paper Machinery until January 1958. At the time of the discovery proceeding, Baumgartner disclaimed any active participation in the events that had led to the charge of unfair competition.

In December 1960, Solo learned that Baumgartner was again president of Paper Machinery, and also received information indicating Baumgartner had participated in the events that led to the unfair competition charge.

An amended complaint was filed on January 31, 1961, adding Baumgartner as a defendant. Count 1 charged that Martin and Baumgartner actively induced the infringement of Solo's machine. Count 2 charged all three defendants with unfair competition.

In January 1962, Baumgartner moved to dismiss the suit as to him on the ground that he was not a resident of the Eastern District of Wisconsin when the summons and amended complaint were served on him. This motion was denied.

A second amended complaint was filed on February 15, 1962. Count 2 therein spelled out in greater detail the acts of all of the defendants which it is alleged constituted unfair competition.

After a trial, the District Court held that although Paper Machinery had infringed the Merta patent, the patent was invalid because of the public sale of the product of Solo's machine more than one year prior to the application for the Merta patent. Solo did not appeal from this holding.

The District Court also held Paper Machinery, Martin and Baumgartner had competed unfairly with Solo. All three defendants join in an appeal from that decision.

The District Court found that besides Solo and Paper Machinery, there are only four or five other manufacturers of rolled rim conical cup machines in the United States, and that all of them, except Paper Machinery, manufacture these machines for their own use and do not offer them for sale. Solo regarded its machine as a secret development and had sought to prevent the dissemination of knowledge about the machine to others.

The District Court found that plaintiff had always maintained a strict policy of

secrecy in relation to its paper cup-making machine; that all supervisory employees, officers of the company and the entire engineering department, were required to sign an employment contract imposing the obligation of confidentiality and non-disclosure of "all processes, drawings, data, reports, maps, sales plans, price data, customer lists.  *  *"

The District Court also found that in 1943, Solo had begun developing its "101" conical cup machine at great costs, expending approximately one million dollars in its development and improvement.

The defendants, Martin and Baumgartner, had organized Milwaukee Shipbuilding Company in 1947, being the sole shareholders. By a change in name, this corporation became the defendant Paper Machinery Corporation.

Between 1948 and 1955, Martin and Baumgartner made several efforts to get into the cone cup-making machine field. Between 1950 and 1955 defendants attempted to hire the necessary engineering talent, but no progress was made until defendants hired Solo's chief engineer, Russell H. Anderson, in 1955. The evidence discloses that during the seven-year period prior to 1955, Martin and Baumgartner manufactured only one cone cup machine, and that machine produced a cup with a "raw" edge rather that a rolled rim.

Anderson had been in Solo's employ since 1947 and was familiar with its machines. Martin had heard that Anderson was unhappy at Solo and offered him $15,000 a year to work with the defendants. Anderson asked for and received a salary of $18,000 per year. In order to hide from Solo the fact of Anderson's employment by defendants, he was placed on the payroll of Zinn-Pac, Inc. of Chicago. This was described by Baumgartner as "just a front."

Having set out some of the background of this action, we first consider the contention of the defendant, John R. Baumgartner, that the Court did not have personal jurisdiction over him.

The original complaint listing Paper Machinery and Martin as defendants, was filed May 23, 1958. The amended complaint, which was filed on January 31, 1961, added Baumgartner as a party defendant. On January 31, 1962, Baumgartner filed a motion to dismiss the amended complaint as to him for the reason that he had resided in Florida since 1960. On February 9, 1962, the District Court denied the motion to dismiss. No findings of fact were filed or reasons given for the denial.

On February 15, 1962, plaintiff filed a second amended complaint, and Baumgartner was again named as a defendant. He answered and again moved to dismiss the complaint. The Court denied the motion on December 28, 1962, concluding that it did have jurisdiction over Baumgartner. The reasons for the ruling were not stated.

Solo's brief suggests that the trial judge must have concluded that service was obtained on Baumgartner by reason of service on the defendant corporation in Milwaukee, or that Baumgartner waived personal service of process.

Solo also argues that Baumgartner was a resident of the state of Wisconsin when the original complaint was filed in May 1958. It relies on Rule 15(c) of the F.R.Civ.P., and claims the second amended complaint relates back to the date of the filing of the original complaint.

Solo does concede, however, that the service of the summons and amended complaint on Baumgartner in Florida was ineffective under the Wisconsin "Long-Arm" statute (Sec. 262.05, Wis. Stats.) because that act became effective on July 1, 1960 and by its terms did not apply to any cause of action arising prior to its effective date. Claims in the instant case, of course, did arise prior to July 1, 1960.

Solo's argument that service was obtained on Baumgartner under 28 U.S.C. § 1694 by reason of service in Wisconsin on the defendant corporation, is not well taken. 28 U.S.C., § 1694 provides:

"In a patent infringement action commenced in a district where the defendant is not a resident but has a

regular and established place of business, service of process, summons or subpoena upon such defendant may be made upon his agent or agents conducting such business."

Solo's argument that Baumgartner did have a regular and established place of business in Wisconsin is best shown by the following quotation from its brief: "Solo does take exception to the assertion that Baumgartner had no regular and established place of business within the district. Of course he did. He was the president of the corporate defendant which was admittedly situated and resident in Milwaukee."

No authority has been cited and we know of none, which holds that an officer of a corporation, by virtue of that office, personally maintains a regular and established place of business in the district in which the corporation has its place of business. Jurisdiction was not obtained under 28 U.S.C. § 1694.

Nor can we accept the further argument of Solo that jurisdiction was obtained through application of Rule 15(c) of the F.R.Civ.P. This rule states: "Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of a conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

Plaintiff's argument is as follows: Although it is admitted Baumgartner was no longer a Wisconsin resident at the time he was first named as a defendant in this suit, he was a resident when the original complaint was filed in 1958. Therefore, it is argued, Rule 15(c) relates back to the original complaint and thus the court has jurisdiction.

Rule 15(c) was designed primarily to protect additional claims or defenses from the running of statutes of limitation. As stated in Moore's Federal Practice, Vol. 4 at 15.15, pages 1018 and 1019—" * * * Rule 15(c) is based on the idea that a party who is notified of litigation concerning a given transaction or occurrence is entitled to no more protection from statutes of limitation than one who is informed of the precise legal description of the rights sought to be enforced. If the original pleading gives fair notice of the general fact situation out of which the claim arises, the defendant will not be deprived of any protection which the state statute of limitation was designed to afford him."

Although the "relation back" rule is usually applied to cases involving the statutes of limitation, and there have been occasional situations where the rule has been applied when the statute of limitations was not directly involved, we know of no authority by which personal jurisdiction of an individual can be obtained by relating back to a complaint in which that person was not named as a defendant.

The plaintiff is, in effect, arguing that Wisconsin residency, by itself, submitted Baumgartner to the jurisdiction of the court. However, there was no service of process on Baumgartner when he was a resident of Wisconsin, and any relation back of the amended complaint would merely be to a time when the court could have obtained jurisdiction over him but did not do so.

Solo's argument that Baumgartner waived the right to rely on the jurisdictional question seems to be that while Baumgartner did not file an answer to the first amended complaint, but instead, filed a motion to dismiss on jurisdictional grounds, he did file an answer to the second amended complaint that waived this issue. However, in that answer, Baumgartner again denied the court's jurisdiction over him. Rule 12(b), F.R. Civ.P. provides that defenses to the merits may be joined with defenses as to the jurisdiction and as to proper venue without waiving such defenses. Shall v. Henry et al., 7 Cir., 211 F.2d 226; Blank v. Bitker, 7 Cir., 135 F.2d 962.

We hold that Baumgartner did not waive the personal jurisdictional question. We further hold that the District Court did not obtain jurisdiction

over John R. Baumgartner who was listed as a defendant in the first and second amended complaints, and that the judgment of the District Court as to him must be reversed.

We now consider Solo's unfair competition claim. In the court below, plaintiff sought damages and a permanent injunction restraining defendants from manufacturing and selling machines derived from drawings of plaintiff's conical paper cup-forming machines. Plaintiff charged the defendants with having used trade secrets in the form of copies of production drawings of plaintiff's 101 Machine which defendants obtained wrongfully in violation of plaintiff's property rights.

The District Court found there was no evidence of how such drawings came into the possession of defendants, but that such drawings were, in fact, used. The Court found unfair competition by all the named defendants, issued a permanent injunction and awarded damages to Solo.

Defendants urge initially that plaintiff's unfair competition claim is not a related claim within the purview of Title 28, U.S.Code, § 1338(b). This statute provides a district court shall have original jurisdiction of any civil action asserting a claim of unfair competition, when joined with a substantial and related claim under the copyright, patent or trademark laws. This statutory provision is considered at length in Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148.

Defendants strongly urge that in the case at bar, two separate causes of action have been alleged in the complaints, namely, 1) patent infringement, and 2) a claim that defendants misappropriated plaintiff's drawings and enticed plaintiff's chief engineer in order that defendants might sooner manufacture a rolled-rimmed conical cup machine. Defendants argue that properly applying the rule stated in Hurn v. Oursler, supra, the second count is not a "related" claim.

In Sinko v. Snow-Craggs Corp., 7 Cir., (1939), 105 F.2d 450, the complaint charged an infringement of a design patent and also claimed unfair competition for simulating plaintiff's product. Relying upon the decision in Hurn v. Oursler, supra, we upheld the judgment of the District Court which, after deciding the patent to be invalid, determined the issue of unfair competition.

Although appellants and appellee have argued at length as to whether Count 2 of the complaint is a "related" claim, we do not think it necessary to decide the point. The original complaint and each amended complaint, alleged diversity of citizenship and the then requisite jurisdictional amount.

There is no dispute that Solo, the plaintiff, is an Illinois corporation with its principal place of business in Chicago. Also, that defendant, Paper Machinery Corporation is a Wisconsin corporation with its principal place of business in Milwaukee, and that defendant, Ralph O. Martin, is a citizen of the state of Wisconsin, also residing in Milwaukee.

In view of the fact that John R. Baumgartner never became a party to this litigation, merely naming him as a defendant did not destroy diversity of citizenship.

Defendants next contend that there was no adequate proof of unfair competition on their part. They cite Ferroline Corp. v. General Aniline & Film Corp., 7 Cir., 207 F.2d 912 for the proposition that convincing proof was necessary to establish acquisition of trade secrets.

Defendants argue that neither Martin nor Baumgartner discovered any of plaintiff's secrets by improper means. What defendants say, in effect, is that "Anderson did it", and claim that although the defendant corporation might be liable for the tort of its agent Anderson, under Morse v. Modern Woodmen of America, 166 Wis. 194, 164 N.W. 829,[1] the individ-

---

1. As the issue of unfair competition is based on diversity of citizenship, the law of Wisconsin applies. Erie R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188.

ual defendants are not liable for such conduct.

However, the individual defendant cannot hide behind the corporate veil. Martin made the arrangements to have Anderson placed on the payroll of Zinn-Pac, Inc. of Chicago. Although Anderson was in Chicago for several months, he never was in the Zinn-Pac plant and never did any work for that company. We think substantial evidence in the record justified the finding of the trial court " * * * We find that the reason for the calculated deception was to prevent Plaintiff from discovering that Defendants were secretly embarked on a 'crash' project to make a machine identical to Plaintiff's '101' in order to consummate the sale to Hudson Pulp and Paper Company."

Accepting the above finding, it necessarily follows that we accept the trial court's conclusion that " * * * Ralph Martin, as the initiator of the entire X–56 project, the one who arranged the employment of Russell Anderson, * * * and who negotiated the contract with Hudson Pulp & Paper Company in anticipation of Anderson's competency to duplicate the Plaintiff machine, *was an actual participant in the tort, and therefore, liable.* * * * "

Defendants finally urge that the trial court committed error in awarding costs to plaintiff. However, the award of costs in a civil litigation is within the sound discretion of the trial court. Sunkist Growers, Inc. v. Winckler & Smith Citrus Products, 9 Cir., 316 F.2d 275; Gordon v. Illinois Bell Telephone Company, 7 Cir., 330 F.2d 103, cert. den. 379 U.S. 909, 85 S.Ct. 197, 13 L.Ed.2d 182.

The fact that we have held that John R. Baumgartner was not a proper defendant in this litigation and, therefore, cannot be held personally, does not mean that he cannot be restrained by the injunction issued by the District Court. Such restraint would be on the basis that he was a former employee and agent of Paper Machinery Corporation.

Affirmed in part, reversed in part.