D. Patrick Mullarkey, Marilla Lane Ross, U.S. Dept. of Justice, Tax Div., Washington, D.C., Mary Rigdon, Asst. U.S. Atty., Chicago, for plaintiff.

Michael J. Higgins, Stone, McGuire & Benjamin, Chicago, for defendant.

**UNITED STATES of America, Plaintiff,**

v.

**Bayard C. DAVIS, Defendant.**

**No. 84 C 7535.**

United States District Court,
N.D. Illinois, E.D.

July 25, 1985.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Bayard Davis ("Davis"), president and treasurer of Sensor Dynamics ("Sensor"), has moved to dismiss the First Amended Complaint (the "Amended Complaint") filed by the United States in this withholding tax penalty assessment action under 26 U.S.C. § 6672(a) (all sections of Title 26, the Internal Revenue Code ("Code"), will be cited "Section—").[1] For the reasons stated in this memorandum opinion and order, Davis' motion is denied.[2]

### Facts

During each of seven calendar quarters between 1973 and 1977, Sensor withheld taxes from its employees' wages and failed to deposit those funds with the Internal Revenue Service ("IRS"). Because the IRS viewed Davis as a "person" responsible for paying over those taxes under Section 6672(a), it wrote him December 14, 1977 proposing to assess against him individually the 100% statutory penalty—an amount

---

1. Section 6672(a) provides:

 Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable.

2. Although Davis characterizes his motion as a Fed.R.Civ.P. ("Rule") 12(b)(6) motion to dismiss the Amended Complaint, it is mislabeled: It does not challenge the United States' having stated a cause of action. Instead Davis argues a portion of what is in suit, though admittedly a good cause of action by its own terms, is barred by limitations—really an affirmative defense under Rule 8(c).

equal to Sensor's withholding tax liability (Ex. 1 to Declaration of Marilla Lane Ross [3]) (App. A to this Opinion). That proposal of assessment informed Davis:

1. Sensor was delinquent in taxes in specified amounts for seven specified quarters, the last of which had ended September 30, 1977.

2. Unpaid taxes for those quarters gave rise to an aggregate penalty of $86,056.19, the amount proposed to be assessed against Davis.

IRS records show Davis received the letter and discussed it with IRS personnel (Ross Ex. 2). On September 4, 1978 the IRS billed Davis for the amount of the proposed assessment for all seven quarters. Exactly what form that billing took,

a matter on which the current motion turns, is no longer really ascertainable—a subject discussed later in this opinion. On October 1, 1979 the IRS assessed Davis for an additional quarter ended December 31, 1977. Davis made no payment on either assessment, and the United States filed this action August 31, 1984.

Paragraph 5 of the United States' original Complaint (the "Complaint") alleged:

5. A delegate of the Secretary of the Treasury made assessments against the defendant, Bayard C. Davis, as a responsible person of Sensor Dynamics, Incorporated, and gave notice and demand for payment of said assessments, for the taxable periods and for the amounts shown in the following table:

| TYPE OF TAX | TAXABLE PERIOD ENDING | DATE OF ASSESSMENT AND NOTICE AND DEMAND | AMOUNT OF ASSESSMENT | UNPAID* ASSESSED BALANCE |
|---|---|---|---|---|
| IRC §6672 | 09/30/77 | 09/04/78 | $158,352.89 | $158,352.89 |
| IRC §6672 | 12/31/77 | 10/01/79 | 5,720.80 | 5,720.80 |

*Plus statutory additions

Davis' Answer responded to that allegation as though it had covered only the *single calendar quarters* ended September 30, 1977 and December 31, 1977. That triggered the United States' March 18, 1985 filing of the Amended Complaint, in which Paragraph 5(a) referred to each of the seven quarters embraced in the September 4, 1978 assessment and (b) stated a smaller aggregate assessment amount:

5. A delegate of the Secretary of the Treasury made assessments against the defendant, Bayard C. Davis, in the total amount of $86,056.19, as a responsible person of Sensor Dynamics, Inc. The taxable periods and dates of assessments and notice and demand for payment of said assessments, are set forth below:

**3.** That and other exhibits to the Ross Declaration will be cited simply "Ross Ex.—."

| Taxable Period Ending | Date of Assessment & Notice and Demand | Assessed Amount |
|---|---|---|
| 09/30/73 | 09/04/78 | $ 7,197.46 |
| 03/31/74 | 09/04/78 | 14,937.42 |
| 06/30/74 | 09/04/78 | 17,677.90 |
| 06/30/76 | 09/04/78 | 12,158.81 |
| 12/31/76 | 09/04/78 | 11,051.02 |
| 06/30/77 | 09/04/78 | 11,637.61 |
| 09/30/77 | 09/04/78 | 11,395.97 |
| 12/31/77 | 10/01/79 | 3,244.06 |
| UNPAID ASSESSED BALANCE | | $89,300.25 |

It is undisputed that for each tax quarter included in the September 4, 1978 assessment the statute of limitations ran September 4, 1984 (Section 6502(a)(1)). Davis argues the first six quarters specified in Amended Complaint ¶ 5 are new claims barred by the statute of limitations. In response the United States urges the Complaint put Davis on notice of its claims for all eight quarters, so the Amended Complaint relates back under Fed.R.Civ.P. ("Rule") 15(c) to the date of the original Complaint as merely a "clarification" of that Complaint.

*Relation Back Under Rule 15(c)*

Rule 15(c) provides in pertinent part:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

*Staren v. American National Bank & Trust Co. of Chicago,* 529 F.2d 1257, 1263 (7th Cir.1976) teaches amendments under Rule 15(c) should be allowed freely when a complaint has put the defendant on notice of the claim. *Solo Cup Co. v. Paper Machinery Corp.,* 359 F.2d 754, 758 (7th Cir. 1966) and 3 Moore, *Moore's Federal Practice* ¶ 15.15[2], at 15–190 to –191 stress the defendant need be put on "fair notice" of only the "general fact situation" out of which the claim arises. 6 Wright & Miller, *Federal Practice and Procedure: Civil*

§ 1497, at 489–92 makes out the dividing line for limitations purposes:

When plaintiff attempts to allege an entirely different transaction by amendment, as, for example, the separate publication of a libelous statement or the breach of an independent contract, the new claim will be subject to the defense of statute of limitations.

On the other hand, amendments that merely correct technical deficiencies or expand or modify the facts alleged in the earlier pleading meet the Rule 15(c) test and will relate back. Thus, amendments that do no more than restate the original claim with greater particularity or amplify the details of the transaction alleged in the preceding pleading fall within Rule 15(c). But if the alteration of the original statement is so substantial that it cannot be said that defendant was given adequate notice of the conduct, transaction, or occurrence that forms the basis of the claim or defense, then the amendment will not relate back and will be time barred if the limitations period has expired.

Accordingly the Rule 15(c) analysis of the Amended Complaint must focus on the "transaction or occurrence" (or the plural version of those terms) giving rise to this lawsuit. And that is where Davis has gone astray: He focuses on the several quarterly assessments against Sensor as though they, and not the assessment against Davis, were the operative events triggering

this action against Davis.[4] But because this action seeks to collect the penalty assessment against Davis and *not* a direct tax liability against Sensor, the "transaction or occurrence" on which the present suit is based—and, in Rule 15 terms, out of which the claim arose—is the assessment against Davis rather than Sensor's initial failure to pay taxes. See Section 6502(a).

That being the case, the manner in which Davis was assessed is therefore crucial. Had there been seven separate assessments against Davis, one for each of the seven quarters of Sensor's delinquency, there would be at least a serious question whether the original Complaint put Davis on notice as to each of those "transactions." After all, the $158,352.89 "amount of assessment" figure in the Complaint seems on its face arbitrary, bearing no immediately ascertainable relation to either the Sensor assessment for any single quarter or the $86,019.54 total Sensor assessment for all seven quarters.[5] Given that uncertainty, the most relevant clue to what was being sued upon was the Complaint's reference to "Taxable Period Ending 09/30/77." And that phrase might reasonably be viewed in terms of the assessment against Davis:

1. If he had been separately assessed for each quarter of Sensor's delinquency, the logical reading of "Taxable Period Ending 09/30/77" would be the *calendar quarter* ended that date. At least Davis could argue to that effect, though that would leave wholly unexplained the enormous disparity between the assessment for that quarter ($11,395.97) and the $158,352.89 alleged for that assessment in original Complaint ¶ 5.

2. If on the other hand Davis had been sent a single assessment listing the correct total of $86,019.54 and referring as the Complaint does only to "Taxable Period Ending 09/30/77," the latter phrase would obviously refer simply to the *latest date* covered by the assessment. Certainly Davis would then be hard pressed to argue the Complaint did not put him on notice he was being sued for a penalty covering all seven quarters of Sensor's liability.

Unfortunately the parties have been unable to tender the document that would provide the pivotal information. In their initial submissions on this motion, the parties furnished a copy only of the "*Proposed* Assessment of 100 Percent Penalty" (the "Proposed Assessment") (Ross Ex. 1, App. A to this opinion) sent to Davis. When this Court then requested a copy of the *actual* assessment or assessments, neither party could produce it or them. As the government explained in its July 11, 1985 letter (the "Letter"):

> Counsel for the United States attempted to obtain such notices, but the Internal Revenue Service has advised that other then [sic] the Proposed Assessment Form 2751, (as attached to the Government's Brief in Opposition to the Defendant's Motion to Dismiss previously filed with the Court), the only notice which would have been mailed to the taxpayer is a bill, requesting payment for the total amount of the taxes involved. Counsel for the Government requested that the Internal Revenue Service send a copy of the bill as sent to the taxpayer, but the Internal Revenue Service has advised that copies of the bill are not retained by the Internal Revenue Service.

---

4. True enough, there must be a withholding tax assessment against the employer before there can be a penalty assessment against a responsible "person" under the statute. And under the withholding sections of the Code the "taxable period" is indeed a calendar quarter. But the withholding assessment is simply a necessary, but not a sufficient, condition for the penalty assessment. And it is the latter that is a precondition to—and the basis for—this suit.

5. It appears the IRS arrived at the $158,352.89 figure by adding interest to the underlying penalty assessment. But the IRS had not previously mentioned interest to Davis, and the Complaint's enigmatic reference to "statutory additions" could have been any of a number of things unknown to him. Moreover, the "Amount of Assessment," which differed dramatically from the assessment of which he had been previously notified, did not purport to include "statutory additions."

Counsel for the Government then requested that a sample bill be forwarded, but the Internal Revenue Service informed that the Bill forms have been revised since 1978, which is the year in which the assessment was made. The Internal Revenue Service further informed that the form which would have been sent to the taxpayer is not now available.

Lacking the actual assessments, this Court is left to deduce its form from the various other IRS documents the parties have provided: two dated before the assessment (or bill) was sent to Davis and three dated afterwards. And those documents indicate (as the United States claims in the Letter) it is far more likely than not that:

1. Davis received a single assessment for $86,056.19 covering all seven quarters.

2. That assessment tracked the "Period Ending 9/30/77" language of the Complaint.

### 1. *Pre-Assessment Documents*

Two pre-assessment forms have been furnished this Court:

1. Form 2751, the "Proposed Assessment" sent to Davis; and

2. Form 2749, "Request for 100 Percent Penalty Assessment" (the "Request," App. B to this opinion), which is an internal IRS form obviously prepared for use in determining whether to assess an individual responsible person and which, in addition to listing $86,056.19 as the total amount to be assessed, specifies (a) each of the seven quarters for which Sensor was delinquent and (b) the dollar amount owed by Sensor for each of those quarters.

Almost certainly those two documents prompted Davis to assert (R.Mem. 2, emphasis in original):

[F]rom the documents the Plaintiff has turned over to the Defendant in discovery, it is clear that there were seven *separate* assessments for each of the quarters in question. They all merely happened on the same day, September 4, 1978.

But those forms do *not* propose seven separate assessments against *Davis.* Rather their specification of the seven quarters was merely an elaboration of *Sensor*'s delinquency. Its purpose was to indicate to Davis only the *basis* of the possible assessment against him.

Indeed the forms themselves make that point explicit. Thus the elaboration of the seven quarters in the Request followed this legend on the form itself:

The penalty to be assessed is equal to the unpaid trust fund portion of the outstanding tax assessment(s) described below.

What the form calls for in the boxes beneath that legend are the "name, address and identification number of employer or collecting agency" and a "description of liability" of that entity. Because this Court must perforce rely on inference, it is significant to note the form's legend speaks of the *employer's* existing liability as possibly encompassing more than one taxable period ("assessment(*s* )," followed by a blank space large enough to list a number of periods), while the proposed penalty assessment against the responsible individual is spoken of only in the singular ("penalty"). That usage is consistent with the IRS' internal document (the Request), in which the portion of the Proposed Assessment specifying the seven quarters is headed "Report of Corporation's Unpaid Tax Liability."

### 2. *Post-Assessment Documents*

Davis has offered no reason to suggest the United States did not (as the pre-assessment documents indicate) make a single assessment against Davis in the amount of $86,056.19, the total amount of Sensor's outstanding tax liability. In fact the post-assessment documents tendered to this Court by Davis himself confirm the strong likelihood only one assessment was made for all seven quarters.

### (a) Tax Liens

Two tax liens were filed with the Recorder of Deeds for DuPage County. One (App. C to this opinion) was in the amount of $86,056.19 for "Tax Period Ended 9/30/77," with the "Date of Assessment 9/4/78." As for the second lien (App. D to this opinion), it was for $3,234.06 for "Tax Period Ended 12/31/77," with the "Date of Assessment 10/01/79." Those liens are significant for two reasons.

First, the phrase "Tax Period Ended 09/30/77" in the first lien clearly refers to all seven quarters. That conforms directly to the usage, and supports the government's interpretation, of the same phrase in the Complaint—which is, after all, the key document for Rule 15(c) purposes. Because the government used that phrase in both the lien and the Complaint (the only two post-assessment documents that employ it) to refer to all seven quarters, it would be odd indeed had the government used the phrase in a different way in the assessment bill.

Second, the lien form itself is set up in columns to allow the government to list as many as 12 to 15 separate unpaid assessments. That fact, together with the reference to the plural "taxes" in the textual legend at the top of the form, clearly indicates each assessment is to be listed separately. In the same way, the set-up of the form's right-hand column also calls for the separate listing of individual assessments. Hence the fact that only one assessment was listed on the form supports the government's contention only a single assessment against Davis had been made.

### (b) Internal IRS Recommendation

Finally, this Court has been furnished an internal IRS document captioned "Civil Suit Recommendation" and listing only two assessments: an $86,056.19 assessment on "09–04–78" and a $3,244.06 assessment on "10–01–79" (Form 4477 Appendix E to this opinion). That usage too is strongly supportive of there having been just one as-

sessment, rather than seven, against Davis for the first seven calendar quarters of Sensor's unpaid tax liability.

In sum, both the pre-assessment and post-assessment documents create the inescapable conclusion that, though the United States properly specified the seven separate quarters when it spoke of Sensor's tax liability, it consistently adverted to and treated the total assessment against Davis, based on those seven quarters' delinquency, as a single liability for the "Tax Period Ended 09/30/77." Davis has offered no reason to think the government departed from that consistent usage in the bill it sent Davis September 4, 1978—the bill that was sandwiched between the pre-assessment and post-assessment documents, with their consistent usage.

Consequently the Complaint's reference to an assessment against Davis for the "Taxable Period Ending 09/30/77" must be deemed to have been based on that same "transaction": the assessment dated September 4, 1978 for the "taxable period" comprising seven calendar quarters, the last of which had ended September 30, 1977. Although the amount stated in the Complaint did not jibe with the assessment figure, it surely put Davis on notice he was being sued to collect the penalty assessment previously asserted against him, which covered all seven quarters of Sensor's delinquency—and it was certainly large enough to suggest that total assessment was involved. That permitted the United States to correct the error in amount by a Rule 15(c) amendment relating back to the date suit was filed.

### Conclusion

Based on the extended analysis in this opinion, the Amended Complaint relates back to the date of the Complaint under Rule 15(c) as a mere clarification.[6] Davis' motion to dismiss is denied, and he is ordered to answer the Amended Complaint on or before August 5, 1985.

---

**6.** "Clarification" is employed here as a term of art rather than as a literal description of

Amended Complaint ¶ 5. In its zeal to stress it intended to collect from Davis the deficiencies

APPENDIX A

**Internal Revenue Service**
**District Director**

Department of the Treasury

Date: *DEC. 14, 1979*

Name and Address of Corporation:
Sensor Dynamics Inc.
520 Interstate, Addison, Ill.
Employer Identification Number:
36-2700330
IRS Contact Address:
1200 Roosevelt Rd.
Glen Ellyn, Illinois 60137
IRS Contact Telephone Number:

▷ Bayard C. Davis
425 S. Grace St.
Lombard, Illinois 60148

(312) 495-1203

Dear Mr. Davis:

Our efforts to collect the Federal taxes described in the enclosed Form 2751 have been unsuccessful because no corporate assets are available to liquidate the liability.

We therefore propose to assess a penalty against you, as a person required to collect, account for, and pay over withheld taxes for the above corporation. This penalty, provided by law, equals the total not paid to the Government of the employment tax withheld from the corporation's employees or the excise tax collected from its patrons. The penalty is to be assessed and collected like tax.

If you agree to the proposed assessment, please sign Part 1 of Form 2751 and return it to me in the enclosed self-addressed envelope. Part 2 is your copy of the assessment agreement. It includes a report of the corporation's unpaid tax liability.

If you do not agree, you may request a conference within the next 10 days by contacting me at the above address or number. A conference will then be arranged, where you will have an opportunity to present your objections and any evidence to support your position.

Sincerely yours,

*Roland F. Aichner*
Ac/g
Group Manager

Enclosures:
Form 2751
Envelope

Exhibit 1

230 S. Dearborn St., Chicago, Ill. 60604

Form 2765 (Rev. 10 75

for all seven quarters, the United States unintentionally rendered Paragraph 5 ambiguous and subject to the possible interpretation that seven separate assessments had been made September 4, 1978. However, that ambiguity has no consequence in the face of the government's otherwise consistent assertions that only one assessment had been made.

Department of the Treasury—Internal Revenue Service

**Form 2751**
(Rev. Oct. 1971)

**Proposed Assessment of 100 Percent Penalty**

(Sec. 6672, Internal Revenue Code of 1954, or corresponding provisions of prior internal revenue laws)

## Report of Corporation's Unpaid Tax Liability

Name and Address of Corporation

**Sensor Dynamics Inc.**
**520 Interstate Rd.**
**Addison, Illinois 60101**

| Tax Return Form No. | Period Ended | Date Return Filed | Date Tax Assessed | Identifying Number | Unpaid Balance of Assessment | Applicable Penalty |
|---|---|---|---|---|---|---|
| 941 | 09/30/73 | 05/23/74 | 05/23/74 | 36-2700330 | $ 7197.46 | $ 7197.46 |
| 941 | 03/31/74 | 06/01/74 | 07/01/74 | 36-2700330 | 20,342.56 | 14,937.42 |
| 941 | 06/30/74 | 08/15/74 | 08/15/74 | 36-2700330 | 23,603.75 | 17,677.90 |
| 941 | 06/30/76 | 08/22/76 | 09/20/76 | 36-2700330 | 13,387.38 | 12,158.81 |
| 941 | 12/31/76 | 02/07/77 | 03/28/77 | 36-2700330 | 13,146.51 | 11,051.02 |
| 941 | 06/30/77 | 08/06/77 | 09/05/77 | 36-2700330 | 15,610.47 | 11,637.61 |
| 941 | 09/30/77 | 10/30/77 | | 36-2700330 | 15,093.37 | 11,395.97 |

Total Penalty | $86,056.19

## Agreement to Assessment and Collection of 100 Percent Penalty

Name and Address of Responsible Person

**Bayard C. Davis, 425 S. Grace Street, Lombard, Illinois 60148**

I consent to the assessment and collection of the total penalty shown, which is equal either to the amount of Federal employment taxes withheld from employee's wages or to the amount of Federal excise taxes collected from patrons or members, and which was not paid over to the Government by the corporation named above; and I waive the privilege of filing a claim for abatement after assessment

DISPOSITION (1) Destroy upon receipt of signed agreement, or
 (2) Forward with case file to SPS if agreement not received

Part 3—IRS FILE Copy

Form 2751 (Rev. 10-71)

# APPENDIX B

☆ U.S. GOVERNMENT PRINTING OFFICE: — 1975 572-540

## REQUEST FOR 100-PERCENT PENALTY ASSESSMENT

(Section 6672, Internal Revenue Code of 1954, or corresponding provisions of prior internal revenue laws)

| NAME, ADDRESS, AND SOCIAL SECURITY NUMBER OF RESPONSIBLE OFFICER OR EMPLOYEE | AMOUNT OF PENALTY ASSESSED (Equal to amount shown in Item 8) |
|---|---|
| Bayard C. Davis SOLE RESP' OFFICER<br>425 S. Grace Street<br>Lombard, Illinois 60148 | $86,056.19 |
| | ASSESSMENT DATE |
| | IDENTIFYING NUMBER |

SSN: 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

| NOTICE OF MASTERFILE ACTION | INITIATED BY (Name and location)<br>H.N. WACTOR | MFT ACCOUNT CODE<br>00 | TAX PERIOD<br>0000 | TRANSACTION CODE<br>130 | ACTION DATE<br>8-1-78 |
|---|---|---|---|---|---|

### TYPE OF ASSESSMENT

| | | DATE EARLIEST ASSESSMENT STATUTE EXPIRES |
|---|---|---|
| ☒ REGULAR | ☐ QUICK ☐ PROMPT | 12/31/78 |

The penalty to be assessed is equal to the unpaid trust fund portion of the outstanding tax assessment(s) described below.

NAME, ADDRESS AND IDENTIFICATION NUMBER OF EMPLOYER OR COLLECTING AGENCY

Sensor Dynamics, Inc., 520 Interstate, Addison, Illinois 60101

### DESCRIPTION OF LIABILITY

| TAX FORM | PERIOD ENDED | IDENTIFYING NUMBER | UNPAID BALANCE | TRUST FUND PORTION OF OUTSTANDING BALANCE |
|---|---|---|---|---|
| 941 | 09/30/73 | 36-2700330 | $ 7197.46 | $ 7,197.46 |
| 941 | 03/31/74 | 36-2700330 | 20,342.56 | 14,937.42 |
| 941 | 06/30/74 | 36-2700330 | 23,603.75 | 17,677.90 |
| 941 | 06/30/76 | 36-2700330 | 13,387.38 | 12,158.81 |
| 941 | 12/31/76 | 36-2700330 | 13,146.51 | 11,051.02 |
| 941 | 06/30/77 | 36-2700330 | 15,610.47 | 11,637.61 |
| 941 | 09/30/77 | 36-2700330 | 15,093.37 | 11,395.97 |

| TOTAL TRUST FUND PORTION OUTSTANDING TO BE ASSESSED | $ 86,056.19 ✓ |
|---|---|

### RELATED ASSESSMENTS (NAME, ADDRESS AND SSN FOR EACH TAXPAYER)

| SIGNATURE OF REVENUE OFFICER<br>H.M. Wactor (H. Wactor) | POST OF DUTY<br>GLEN ELLYN 3601 | ASSIGNMENT CODE<br>3601-3418 | DATE<br>03-10-78 |
|---|---|---|---|
| APPROVED (Signature of group manager) | AREA OFFICE<br>3601<br>Glen Ellyn | | DATE<br>4/24/78 |

Form **2749** (REV. 4-75) Part 3

Dispose of all prior issues

TDA COPY

Department of the Treasury
Internal Revenue Service

# APPENDIX C

| Form 668 (REV 2-77) | DEPARTMENT, THE TREASURY — INTERNAL REVENUE SERVICE **NOTICE OF FEDERAL TAX LIEN UNDER INTERNAL REVENUE LAWS** | *For Optional Use By Recording Office* |
|---|---|---|

**DISTRICT**
Chicago

**SERIAL NUMBER**

Pursuant to the provisions of Sections 6321, 6322, and 6323 of the Internal Revenue Code, notice is hereby given that there have been assessed under the Internal Revenue laws of the United States against the following-named taxpayer taxes (including interest and penalties) which after demand for payment thereof remain unpaid, and that by virtue of the above-mentioned statutes the amount of said taxes, together with penalties, interest, and costs that may accrue in addition thereto, is a lien in favor of the United States upon all property and rights to property belonging to said taxpayer.

RECORDER
DU PAGE COUNTY
1978 NOV 20 PM 12:00

78G - 2206

**NAME OF TAXPAYER**

Bayard C., Davis

**RESIDENCE**

425 S Grace St — Lombard, Illinois 60148

| KIND OF TAX (a) | TAX PERIOD ENDED (b) | DATE OF ASSESSMENT (c) | IDENTIFYING NUMBER (d) | UNPAID BALANCE OF ASSESSMENT (e) |
|---|---|---|---|---|
| 941 | 09/30/77 | 09/04/78 | 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N | 86,056. 19 |

**PLACE OF FILING**
Recorder of Deeds
DuPage County
Wheaton, Ill. 60187

**TOTAL** $ 86,056.19

WITNESS my hand at ___Glen Ellyn, Ill___ , on this,

the ___14th___ day of ___November___, 19 __78__

**SIGNATURE**
*J. Erickson* (F. Erickson)

**TITLE**
Revenue Officer

(NOTE. Certificate of officer authorized by law to take acknowledgments is not essential to the validity of Notice of Federal Tax Lien G.C.M. 26419. C.B. 1950-1. 126.)

PART 1 — To be retained by recording office

## APPENDIX D

36013426

Form **668**

(Rev. September 1978)

**Department of the Treasury - Internal Revenue Service**

# Notice of Federal Tax Lien Under Internal Revenue Laws

| District | Serial Number | For Optional Use by Recording Office |
|---|---|---|
| Chicago | | |

As provided by sections 6321, 6322, and 6323 of the Internal Revenue Code, notice is given that taxes (including interest and penalties) have been assessed against the following-named taxpayer. Demand for payment of this liability has been made, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

**Name of Taxpayer**

Bayard C. Davis

**Residence**

425 Grace Street
Lombard, Illinois 60148

79G-2292
1979 NOV -8 AM 9 15
RECORDER
DU PAGE COUNTY

| Kind of Tax (a) | Tax Period Ended (b) | Date of Assessment (c) | Identifying Number (d) | Unpaid Balance of Assessment (e) |
|---|---|---|---|---|
| 941/17 | 12/31/77 | 10/01/79 | 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N | 3,234.06 |

| Place of Filing | Recorder of Deeds DuPage County Wheaton, Illinois 60187 | Total $ 3,234.06 |
|---|---|---|

This notice was prepared and signed at ___Glen Ellyn, Illinois___ , on this,

the __31st__ day of __October__ , 19 _79_

| Signature | Title |
|---|---|
| Larry Berg | Revenue Officer |

(Note: Certificate of officer authorized by law to take acknowledgments is not essential to the validity of Notice of Federal Tax Lien G.C.M. 26419, 1950-1, C.B. 126.)

Part 1 — To be kept by recording office.)

Form 668 (Rev. 9-78)

APPENDIX E

## Civil Suit Recommendation

| | |
|---|---|
| Prompt action required | Date statutory period for collection will expire |
| [x] Yes | 09-04-84 |

**1. Name and address of taxpayer**

Bayard C. Davis
425 South Grace
Lombard, Illinois

**2. Type of taxpayer**
[X] Individual [ ] Corporation
[ ] Partnership
[ ] Other (specify)

Taxpayer Identification Number ▶ 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

**3. Type of proceeding**
[X] Reduce tax claim to judgment [ ] Section 2410 suit [ ] Fraudulent transfer
[ ] Failure to honor Levy [ ] Intervention [ ] Other (specify)
[ ] Suit to enforce Lien [ ] Transfer liability

**4.** Service of required legal papers can be made at above address *(If suit is against party other than taxpayer, give name and address for service)*
[X] Yes
[ ] No *(Show address for service)* ▶

**5. Account Information**

| Period and Class of Tax (a) | Assessment Date (b) | Unpaid Assessed Balance (c) | Additions (incl. lien fees) Nature (d) | Amount (e) | Total (f) | Notice of Lien (Date and where filed incl. those refiled) (g) |
|---|---|---|---|---|---|---|
| 7709 - 06 | 09-04-78 | 86,056.19 | Int. | 72,296.70 | 158,352.89 | 11-20-78 |
| 7712 - 06 | 10-01-79 | 3,244.06 | Int. | 2,476.22 | 5,720.80 | 11-08-79 |
| | | | | | | Recorder of Deeds DuPage County Wheaton, Illinois |

| | | |
|---|---|---|
| **6.** Total ▶ | $164,073.17 | **7.** Est. amt. recoverable if suit is successful $ 0 |
| **8.** Plus Accrued a. Interest at | $ | per diem from (date) |
| b. Penalty at | $ | per month from (date) |

**General Instructions**
1. Prepare a narrative report presenting pertinent facts chronologically.
2. Document facts when possible and furnish exhibits.
3. Complete Form 4478, Civil Suit Checklist, on suit recommendations and interpleader cases.
4. Use Form 4479, Lien and Claimant Data—Civil Suit, to report details on liens and other claims.
5. Use Form 4480, Property Description—Civil Suit, when description is required.
6. Forward all parts of this form and related forms and documents to SPf.

**SPf Instructions**
1. Review recommendation and, if approved, secure transcript, administrative files and other related documents.
2. Forward recommendation in triplicate to counsel on Form 4481, Transmittal—Legal Action.
3. Retain copy of recommendation for reference purposes.
4. File Parts 5 and 6 of this form as appropriate in index files.

| | | |
|---|---|---|
| **9.** Revenue Officer J. Hickey | **10.** Date 7/25/84 | **11.** District Chicago, Illinois |
| **12.** Approved by (Signature) | **13.** Title Chief | **14.** Date 8 August 84 |

Form **4477** (Rev. 7-81) Part 1 Department of the Treasury Internal Revenue Service
*Dispose of all prior issues*

---

Bayard C. Davis
425 South Grace
Lombard, Illinois

1) This report requests that the federal tax claim against Bayard C. Davis be reduced to judgment.

2) Tax liabilities of approximately $164,073.17 are outstanding, covering assessments for withholding and Federal Insurance Contributions Act Taxes for calendar quarters ending September 30, 1977, and December 31, 1977. These liabilities result-

ed from unpaid taxes by Sensor Dynamics, Incorporated. Details of the accounts involved are shown on Form 4477, Civil Suit Recommendation.

3) The statutory period for collection for the calendar quarter ending September 30, 1977, expires on September 4, 1984. For the calendar quarter ending December 31, 1977, the statutory period for collection expires on October 1, 1985.

4) Mr. Bayard C. Davis has been self-employed in the past as a consultant and as an inventor (Thermo-coupling and heat conduction). All efforts to contact Mr. Davis for signing a waiver extending the period of collection have been unsuccessful. He has not responded to these attempts. All administrative remedies have been exhausted in attempting to collect the tax. Searches for assets have been unsuccessful. There are no other cases pending at the present time.

5) Mr. Bayard C. Davis is approximately 64 years old and is apparently in good health except for a chronic back problem. He is married and lives at home with his wife Louise, who is approximately 65 years old. A collection information statement submitted by Richard A. Gaydos (Power of Attorney) on August 2, 1983, showed no assets for Mr. Davis and no income. The source of the taxpayer's income is unknown.

6) No levy sources have been located and there is no record of the taxpayer's present employment. Therefore, the usual methods of collection do not apply.

7) Mr. Davis has earned substantial income in the past as a business consultant and inventor and may do so again. However, it is very unlikely that the Service will be able to collect his liability within the statutory period for collection. In view of Mr. Davis' lack of response and cooperation, I believe that taking legal action to permit collection after expiration of the statutory period is necessary and will eventually result in partial or full payment of this tax liability.

8)

9) This case is considered a No Settlement Option Procedure case based upon the taxpayer's lack of cooperation and the amount of money involved.

Conclusion and Recommendation

10) I recommend that suit be instituted without delay to reduce the tax claim to judgment.